UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELINO BARTOLON VELASQUEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE MESA VERDE DETENTION FACILITY,<br><br>Respondent. | No.  1:26-cv-01993-DAD-JDP<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING MOTION TO DISMISS<br><br>(Doc. Nos. 8, 9) |

Petitioner Celino Bartolon Velasquez is a federal immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 23, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of habeas corpus (Doc. No. 1) be granted.  (Doc. No. 9.)  Specifically, the magistrate judge found that petitioner is not properly detained pursuant to 8 U.S.C. § 1225(b)(2) and that petitioner's immediate release is the appropriate remedy for his unlawful detention.  (*Id.* at 5–7.)  The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within seven (7) days after service.  (*Id.* at 7.)  On May 1, 2026, respondent filed its objections to the pending findings

1

and recommendations.  (Doc. No. 10.)  Respondent's objections comprise a single sentence stating that it objects to the findings and recommendations based on the same arguments raised in its previous briefing.  (*Id.* at 1.)  This does not provide a basis upon which to reject the pending findings and recommendations.  Respondent further requests that it be permitted to place "reasonable conditions of supervision on Petitioner[.]"  (*Id.* at 1.)  However, respondent does not provide any legal authority to support the proposition that it may impose conditions of release on someone that it has unlawfully detained for over two months.  The court observes that a non-citizen with pending removal proceedings may be detained pursuant to 8 U.S.C. § 1226(a) and subsequently released on conditional parole.  8 U.S.C. § 1226.  However, respondent does not argue that petitioner is subject to detention pursuant to § 1226(a) and does not provide evidence that petitioner was arrested "on a warrant" as is required for detention pursuant to that section. *See A.E.R.T. v. Wofford*, No. 1:25-cv-01824-KES-SKO (HC), 2025 WL 3645297, at *2 n.1 (E.D. Cal. Dec. 16, 2025) (collecting cases holding that a noncitizen may not be detained pursuant to 8 U.S.C. § 1226(a) where arrested in the absence of a warrant).  Accordingly, the court cannot identify any applicable legal authority which would authorize respondent to impose conditions of release and the court must therefore reject this request.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

For the reasons above,

1.    The findings and recommendations filed on April 23, 2026 (Doc. No. 9) are ADOPTED IN FULL;

2.    Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a.    Respondent is ORDERED to immediately release petitioner Celino Bartolon Velasquez, A-File No. 221-489-817;

    b.    Respondent is ENJOINED and RESTRAINED from re-detaining petitioner unless it provides petitioner with notice and a pre-detention hearing before

an immigration judge, at which hearing respondent will bear the burden of demonstrating that petitioner poses a flight risk or danger to the community by clear and convincing evidence;

3.    The Clerk of the Court is directed to serve a copy of this order on the Mesa Verde Detention Facility;

4.    Respondent's motion to dismiss (Doc. No. 8) is DENIED; and

5.    The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated:    **May 8, 2026**                          _Dale A. Drozd_

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3